## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dennis Ulmer and Darin Ulmer,<br><br>Plaintiffs,<br><br>vs.<br><br>Asset Resources, Inc., *a domestic corporation*,<br><br>Defendant. | Civil File No.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and Unlawful Conversion of Plaintiffs' Personal Property.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Dennis Ulmer ("Dennis" of "Plaintiff") is a natural person residing in the County of Ramsey, State of Minnesota.

5. Plaintiff Darin Ulmer ("Ulmer" or "Plaintiff") is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Asset Resources, Inc. ("AR" or "Defendant"), upon information and belief, is a domestic corporation that operates as a debt collection agency from an address of 298 Coon Rapids Boulevard, Coon Rapids, Minnesota 55433. AR is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Darin allegedly incurred a financial obligation with Goldberg Bonding Company Inc., which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

8. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

9. Darin's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Darin sometime before March 30, 2012.

10. On or about March 30, 2012, Darin and AR reached an agreement to settle the debt owed to Goldberg Bonding Company for $600.00.

11. Darin agreed to allow AR to electronically withdraw the $600.00 from his TCF National Bank account.

12. Darin provided AR with his checking account information for his TCF National Bank account in order to facilitate the payment of $600.00.

13. On April 20, 2012, AR caused $600.00 to be electronically withdrawn from Dennis's Wells Fargo Bank checking account.

14. Dennis had never provided AR with his checking account information and he never authorized AR to take the $600.00 from his bank account.

15. Darin had never provided AR with Dennis's checking account information and he never authorized AR to take the $600.00 from Dennis's bank account.

16. Based upon information and belief, AR acquired Dennis's checking account information because Dennis had made a payment to Goldberg Bonding Company, Inc. in 2008 or 2009.

17. Dennis incurred overdraft fees and bounced check fees because AR unlawfully withdrew $600.00 from his bank account.

18. On April 23, 2012, AR caused $600.00 to be electronically withdrawn from Darin's checking account after AR had already collected $600.00 from Dennis for the debt with Goldberg Bonding Company, Inc.

19. Darin incurred overdraft fees and bounced check fees because AR electronically withdrew $600.00 from his bank account after AR had already collected $600.00 from Dennis for the debt with Goldberg Bonding Company, Inc.

20. AR failed to provide Darin with the notice required by 15 U.S.C. § 1692f(2).

21. The acts and omissions described above constitute distinct violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(B), 1692e(10), 1692f, 1692f(1), and 1692f(2).

22. Defendant's conduct caused Plaintiffs actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by AR.

23. Plaintiffs have incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of AR's acts and omissions.

### *Respondeat Superior Liability*

24. The acts and omissions of Defendant's employee(s), who communicated with Plaintiffs as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, AR.

25. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities these agent(s) were authorized to perform by AR in collecting consumer debts.

26. By committing these acts and omissions against Plaintiffs, Defendant's employee(s) were motivated to benefit their principal, AR.

27. Defendant AR is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee(s), including but not limited to violations of the FDCPA in their attempt to collect this debt from Plaintiffs.

### **TRIAL BY JURY**

28. Plaintiffs are entitled to and hereby demand a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

29. Plaintiffs incorporate by reference each and every above stated allegation as though fully stated herein.

30. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiffs herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

31. As a result of said violations, Plaintiffs have suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32. As a result of said violations, Plaintiffs have incurred out-of-pocket expenses, and therefore Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

33. As a result of said violations, Plaintiffs are entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiffs' attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### COUNT II.

### CONVERSION

34. Plaintiffs incorporate by reference each and every above stated allegation as though fully stated herein.

35. Defendant interfered with Plaintiffs' right to possession of their personal property by fraudulently deducting funds from their checking accounts, thereby causing damage to Plaintiffs.

36. Defendant intended to interfere with Plaintiffs' right to possession of their personal property.

37. Defendant deprived Plaintiffs of their right to possession to their personal property.

38. As a result, Plaintiffs are entitled to actual and compensatory damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter the following judgment, in Plaintiffs' favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for each Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiffs herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

### COUNT III: CONVERSION

- For actual and compensatory damages for Conversion in a reasonable amount in excess of $50,000.00, against Defendant;

6

Dated:  May 11, 2012. **MARSO AND MICHELSON, P.A.**


By: s/Patrick L. Hayes
Patrick L. Hayes (0389869)
William C. Michelson (129823)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com
bmichelson@marsomichelson.com